STATE OF MISSISSIPPI *v.* NAPOLEON B. THOMPSON.

APPEAL.   *Criminal case.   Right of state to.   Code* 1892, § 39.

>   Under Code 1892, § 39, authorizing the state to appeal from desig-
>   nated judgments adverse to it in criminal cases, it is not author-
>   ized to appeal to the supreme court from a judgment granting
>   a defendant a new trial and setting aside a verdict convicting
>   him, because of objections to the argument of the district
>   attorney.

FROM the circuit court of Webster county.

HON. J. M. ARNOLD, Special Judge.

Thompson, the appellee, was indicted, tried, and convicted
of a misdemeanor, the unlawful sale of intoxicants; his motion
for a new trial, based on objections to the improper argument
of the district attorney, was sustained, the verdict against him
was set aside and a new trial granted. The state by its district
attorney objected and excepted, and the state appealed to the
supreme court.

[Counsel did not appear for either side.]

TRULY, J., delivered the opinion of the court.

Thompson was convicted of unlawful retailing. The court
sustained his motion for a new trial, vacated the judgment, and
continued the cause. Thereupon the district attorney prayed
an appeal, assigning errors as follows: That the court erred in
granting a new trial; in sustaining the objections to the argu-
ment of the district attorney, it being averred that the argu-
ment was not an improper or unlawful one; and that no ob-
jection was made or exception taken at the time the comment
complained of was uttered. We cannot consider the alleged
errors of law presented by this record, for the reason that the
state of case made is not such a one as empowers the state to
prosecute an appeal. Code 1892, § 39, provides that the state

Opinion of the court.

may prosecute appeals from the judgments of circuit courts in criminal causes in three instances only: First, where a motion to quash or a demurrer to an indictment or affidavit charging crime is sustained; second, from a judgment actually acquitting a defendant, where a question of law has been decided adversely to the state; third, from a ruling adverse to the state in every case in which a defendant is convicted and prosecutes an appeal. All questions of law presented on such appeals must be decided by this court. The instant case falls within none of the classes in which appeals by the state properly lie. The case is still undetermined, the prosecution still pending, and no motion to quash or demurrer to the indictment was sustained or presented. We need not consider errors of law committed during the progress of the trial, if any such there were, because they may not occur on the subsequent trial which must be had on the indictment.

*The appeal was granted under a manifest misconception of the law, and is dismissed.*